**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2127

AMALGAMATED BANK, as Trustee for the LongView Collective Investment Funds,

Plaintiff – Appellant,

and

STEAMFITTERS LOCAL 449 PENSION PLAN, Sued Individually and on behalf of All Others Similarly Situated,

Plaintiff,

v.

MAXIMUS, INC.; RICHARD MONTONI; RICHARD NADEAU; BRUCE CASWELL,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:17-cv-00884-AJT-IDD)

Argued: May 7, 2019                                    Decided: June 14, 2019

Before MOTZ, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Thomas A. Dubbs, LABATON SUCHAROW LLP, New York, New York, for Appellant. Brant Warren Bishop, WILKINSON WALSH + ESKOVITZ, LLP, Washington, D.C., for Appellees. **ON BRIEF:** Louis Gottlieb, David J. Goldsmith, Jeffrey A. Dubbin, LABATON SUCHAROW LLP, New York, New York, for Appellant. Eunnice H. Eun, Enbar Toledano, WILKINSON WALSH + ESKOVITZ, LLP, Washington, D.C., for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this securities fraud action initiated in the Eastern District of Virginia, the operative complaint of December 4, 2017, alleges claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against defendants Maximus, Inc., and three of its officers. On August 27, 2018, the district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, having applied the strict pleading standards of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995. *See In re Maximus, Inc. Sec. Litig.*, No. 1:17-cv-00884 (E.D. Va. Aug. 27, 2018), ECF No. 80 (the "Dismissal Opinion"). Plaintiff Amalgamated Bank timely noted this appeal, invoking our jurisdiction under 28 U.S.C. § 1291.

The section 10(b) claim against Maximus and its officers is premised on alleged violations of Securities and Exchange Commission Rule 10b-5. The Supreme Court has recognized that a typical claim under section 10(b) and Rule 10b-5 has six elements: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *See Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148, 157 (2008). The section 20(a) claim seeks to impose liability on the officers as control persons, with such liability being "derivative of — and dependent upon — liability of a controlled person under section 10(b)." *See Singer v. Reali*, 883 F.3d 425, 438 (4th Cir. 2018). Consequently, "if the complaint is legally insufficient with respect to the section

10(b) claim, the derivative section 20(a) claim must also fail." *Id.* (alterations and internal quotation marks omitted).

On appeal, Amalgamated has narrowed the section 10(b) claim to three statements made by the officers, referred to in the Dismissal Opinion as "Statement 1," "Statement 2," and "Statement 11." *See* Dismissal Opinion 12-13. The district court concluded, inter alia, that none of those three statements constitutes a material misrepresentation. *See id.* at 17-20, 26-27; *see also U.S. Sec. & Exch. Comm'n v. Pirate Inv'r LLC*, 580 F.3d 233, 240 (4th Cir. 2009) (explaining that, to be actionable, a statement must both be "false" and "concern a material fact"). The court thus deemed the complaint to be legally insufficient as to the section 10(b) claim and the derivative section 20(a) claim. *See* Dismissal Opinion 35.

Having conducted a de novo review of the Dismissal Opinion, *see Singer*, 883 F.3d at 437, and having carefully considered the record and the briefs and arguments of the parties, we find ourselves in agreement with the district court that the complaint fails to allege a material misrepresentation. We therefore affirm the judgment entered in favor of Maximus and its officers.

*AFFIRMED*